ARTHUR S. COLLINS *vs.* BOSTON AND MAINE RAILROAD.

The term " baggage," for which passenger carriers are responsible, does not include articles of merchandise, not intended for personal use; such as " 38 pairs of new shoes ; 60 pairs of stock for boys' shoes, and two papers of shoe nails."

The plaintiff sent by a passenger train a quantity of merchandise, expecting to go himself in the same train, but did not. The goods were lost without any gross negligence in the carrier, or any conversion by him. *Held,* that the carrier was not liable for the loss.

THIS action was submitted on the following facts agreed :

On the 12th of September, 1850, the plaintiff was a shoe dealer and manufacturer, residing and doing business at Lawrence. The defendants are proprietors of a railroad, extending from Haverhill to Lawrence, and are common carriers of passengers. On said 12th of September, the plaintiff, at Haverhill, purchased 38 pairs of women's kid shoes; 60 pairs of stock for boys' shoes, and two papers of shoe nails, and directed said articles to be carried to the station of said railroad at Haverhill, intending and expecting to proceed himself in the passenger cars as a passenger to Lawrence, and to have the said articles conveyed in said cars as his baggage. The officer of said railroad, at the time the articles were received, asked "whether they were to be accompanied by a passenger," and received for an answer that the owner did intend to go as a passenger. The plaintiff did not go to

Lawrence in the train of cars on which the articles were delivered; he intended to do so, but arrived at the station a few minutes too late. In the next train he proceeded to Lawrence. On the same day, after his arrival in Lawrence, the plaintiff demanded the articles aforesaid of the baggage master at the station in Lawrence, but they could not be found and were not delivered, nor have said articles ever been delivered or restored to him. Neither party can show in what manner said box was lost, but the same care was taken of it as is usually taken in regard to passengers' baggage, and neither party can show whether there was or was not any want of reasonable care of said box, except as the same appear from the facts above set forth, and are implied by law from the same. The defendants run a regular freight train on said railroad between Haverhill and Lawrence.

*R. Cross,* for the plaintiff.

*G. Minot,* for the defendants.

DEWEY, J. The defendants had no other relation to the plaintiff in reference to the transportation of the goods, the subject of this controversy, than that of common carriers of persons and their baggage. The liability, if any, solely arises from that relation, and therefore no occasion exists for considering what would have been their liability, if the same had been taken by them for transportation as merchandise.

The case stated finds as an agreed fact that the plaintiff's purpose was "to go as a passenger in the cars, and to have the articles conveyed in the cars as his baggage." The liability of carriers of persons is, as is well known, one of a limited character as to the articles committed to them as baggage. Formerly such carriers were not liable at all for the baggage of the traveller, when nothing was paid beyond the ordinary passenger fare, but the contrary is now well settled, and passenger carriers are held responsible for the safe transportation of the baggage of the passenger. What is baggage? That question has been frequently before the courts of this and other states, and is settled for this commonwealth in the recent case of *Jordan* v. *Fall River Railroad,* 5 Cush. 69. It is there held that "baggage includes such articles as are of

necessity or convenience for personal use, and such as it is usual for persons travelling to take with them."

The articles which the plaintiff here committed to the charge of the defendants clearly were not embraced in this description of baggage. They were mere articles of trade and business, in every sense articles of merchandise, and not for his personal use. Being of this character, the responsibility of carriers of baggage would not attach to the defendants in relation to them. This would have been the case, if the plaintiff had, as he purposed, been a passenger in the cars. It was not the fault of the defendants that he did not go in the same train, nor is there any thing to show that the defendants had any reason to suppose the owner of the goods was not in the train. No liability on the part of the defendants, upon the strict principles of carriers of merchandise, or of the baggage of passengers, is therefore shown. This would not, of course, exonerate the defendants from responsibility for acts of gross negligence respecting these goods thus committed to them, for that attaches to the receipt of any goods by them for transportation. The case is left somewhat barren upon the point of the loss of these goods. It is, however, agreed in the statement of facts " that the same care was taken of them as is usually taken in regard to passengers' baggage," which seems to negative all claim for gross negligence or any actual conversion of them by the defendants. It is easy to perceive that the omission of the plaintiff to accompany them, as he informed the defendants' agent he should, contributed materially to the loss, and that what might have been a very proper and suitable disposition of them at the station at Lawrence, under the reasonable belief that the owner of them was present to take charge of them, might have been one of hazard and exposure to loss in his absence.

We perceive no ground upon which the defendants can be chargeable for the loss of these articles.

To avoid all misapprehension as to other cases, it may be, however, proper to remark that in this opinion we have no reference to the cases where boxes of goods, bales of merchandises, or the like, are, for a compensation to be paid

therefor, received by carriers of persons for transportation by passenger trains, being known and understood not to be baggage. Such carriers may contract for carrying merchandise in these trains, and whenever they do so, they do it with the ordinary liability of carriers of merchandise.

*Judgment for the defendants.*